UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JANNE C. CHORAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 2:11CV114 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on "Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act", filed by the plaintiff, Janne C. Chorak ("Chorak") on February 13, 2012. The defendant has not opposed the motion.

For the following reasons, the motion will be granted.

Discussion

Plaintiff filed an application for Disability Insurance Benefits on June 5, 2007, alleging a disability onset date of June 14, 2006. The application was denied initially on November 7, 2007, and upon reconsideration on February 27, 2008. On March 21, 2008, Plaintiff filed a timely Request for Hearing and, on October 15, 2009, she appeared and testified at an administrative hearing via video from Gary, Indiana before ALJ Joseph P. Donovan, Sr., seated in Orland Park, Illinois. October 22, 2009, ALJ Donovan issued an unfavorable decision.

Plaintiff filed a timely Request for Review with the Social Security Administration's Appeals Council, which was denied on January 31, 2011, making the ALJ's decision the final decision of the Commissioner of Social Security. *Luna v. Shalala*, 22 F.3d 687, (7th Cir. 1994); 20 C.F.R. § 404.981.

Plaintiff filed a timely civil action for Judicial Review in the United States District Court for the Northern District of Indiana pursuant to 42 U.S.C. § 405(g) on April 1, 2011. The Government agreed to a voluntary remand after Plaintiff filed her opening brief; the stipulation to remand was electronically filed on November 10, 2011. (Docket # 18). After the case was fully briefed, this court issued an order granting the stipulation to remand, reversing the decision, and remanding the case to the Commissioner for further proceedings on November 14, 2011. (Docket # 19). Final judgment was entered on the same date. (Docket #20).

Under *Shalala v. Schaefer*, 113 S. Ct. 2625, 2631 (1993), Plaintiff is a prevailing party by virtue of the remand, made pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff can file a timely Petition for EAJA Attorney fees through at least February 14, 2012.

The proceedings in this case show that the position of the United States was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B). The "position of the United States" includes the action of the agency leading to the litigation. 28 U.S.C. § 2412(d)(2)(D). Moreover, the burden of proof is on the Government to prove it is "substantially justified" in law and fact at both the administrative and court stages of adjudication. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Commissioner, I.N.S. v. Jean*, 110 S. Ct. 2316, 2319 n.6 (1990); *Cummings v. Sullivan*, 950 F.2d 492, 497 (7th Cir. 1991). Substantial justification means " 'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person." *Underwood*, 487 U.S. at 565.

In the present case, the Commissioner's lack of substantial justification in the pre-litigation action of the Agency is shown by the Government's agreement to remand the case for a new hearing, during which the ALJ must: re-evaluate whether Plaintiff can perform her past

2

relevant work, either as she performed it or as it is typically performed, or other work that exists in significant numbers; obtain supplemental vocational expert testimony regarding Plaintiff's ability to perform her past relevant work or other work in the national economy; and proceed through the sequential evaluation as necessary to issue a new decision. The ALJ's failure to make a decision consistent with the Commissioner's own rules and regulations supports a finding of no substantial justification.

Where legal error results in reversal of the ALJ's decision and where such legal error is contrary to "clearly established statutory and court precedent," the Commissioner's position before the agency is not substantially justified. *Underwood*, 487 U.S. at 561-2; *Golembiewski*, 322 F.3d at 916; *Reese v. Sullivan*, 925 F.2d 1395, 1397 (11th Cir. 1991); *Washington v. Heckler*, 756 F.2d 959, 962 (3rd Cir. 1985) ("When the Government's legal position clearly offends established precedent, however, its position cannot be said to be substantially justified"). However, "even if an agency's legal argument is perfect . . ., the agency may still be liable for costs, fees and expenses under the EAJA if the agency has knowledge that the presumed facts supporting its position are without merit." *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1081 (7th Cir. 2000) *citing Phil Smidt & Son v. NLRB*, 810 F.2d 638, 642 (7th Cir. 1987). In this instance, the ALJ's actions were not reasonable, as demonstrated by the Government's agreement to remand this case for further proceedings.

The Plaintiff requests an hourly rate of $170.00 for the years of 2010 and 2011, under the EAJA, representing the cost of living adjustments allowed by statute [28 U.S.C. Section 2412 (d)(2) (A)(ii)] when employing the "All items" figure provided by the Consumer Price Index. Utilizing support staff reduces the cost of litigation, thus, the duties of Suzanne Blaz,

Lauren Savage, and Aminta Conant should be compensated, not considered part of overhead. In *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989), the Court found that "reasonable attorney fees" refers to the attorney's work product, and the fee must account for the contributions of paralegals. The Court found that the overall attorney's fee should be calculated "according to the prevailing market rates in the relevant community." *Jenkins*, 491 U.S. at 286 *citing Blum v. Stenson*, 465 U.S. 886 (1984). The Court also found that if an attorney's fee is awarded based on market rates then the custom of separately billing the services of paralegals must be taken into account. *Jenkins*, 491 U.S. at 286-87. Thus, encouraging the use of paralegals and law clerks that bill at a lower rate than that of an attorney is extremely cost efficient. *Jenkins*, 491 U.S. at 288.

Plaintiff moves requests an hourly rate of $125.00 for the law clerk work performed by Suzanne Blaz, a law clerk with a J.D. and 10 years experience in Social Security, and $100 for the law clerk work performed by Ms. Savage and the paralegal work performed by Ms. Conant. This court finds that the fees requested for the work of counsel's law clerk and paralegal are reasonable and are based on fee awards in similar cases where similar fees were contested.

A rate of $100.00 per hour has been awarded to counsel's law clerks/paralegals in the following cases: *Witt v. Astrue*, Case No.: 05-0003 (N.D. Ill. Aug. 16, 2007); *Johnson v. McMahon*, 2007 U.S. Dist. LEXIS 11070 (W.D. Wis., Feb. 13, 2007); *Haran v. Barnhart*, Case No.: 05-C-3202 (N.D. Ill. Nov. 2, 2006); *Mendez v. Barnhart*, Case No.: 2:03-cv-309 (N.D. Ind. Oct. 23, 2006); *Matthews v. Barnhart,* Case No.: 2:05-cv-91 (N.D. Ind. Oct. 10, 2006); *Smith v. Barnhart*, Case No.: 05-cv-26 (W.D. Wisc. Aug. 23, 2006); *Szanyi v. Barnhart*, Case No.: 2:04-cv-412 (N.D. Ind. June 26, 2006); *Forrest v. Barnhart*, Case No.: 04-cv-4666 (N.D. Ill. May 12, 2006); *Seamon v. Barnhart*, 2006 U.S. Dist. LEXIS 6945 (W.D. Wis. Feb. 23, 2006); and;

*Barrientos v. Barnhart*, 2003 U.S. Dist. LEXIS 25316, *5-*6 (N.D. Ill. May 6, 2003). A rate of $95.00 per hour was awarded to counsel's law clerks/paralegals in: *Martin v. Barnhart*, Case No. 1:03-cv-5823 (N.D. Ill. Nov. 23, 2005); *Rohan v. Barnhart*, 306 F. Supp. 2d 756, 774 (N.D. Ill. 2004), *Sadler v. Barnhart*, 2004 U.S. Dist. LEXIS 2647,*6-7 (N.D. Ill. Feb. 24, 2004); and *Embry v. Barnhart*, 2003 U.S. Dist. LEXIS 19473,*10-11 (N.D. Ill. Oct. 31, 2003).

Additionally, the Government's own Laffey Matrix shows that the fee counsel claims for the work of his law clerk is reasonable as the Government's own market rate for law clerks in 2005 is $115, and for 2006 is $120. According to the 2005 Survey of Salaries and Benefits (Illinois Paralegal Association), law clerks/paralegals located in Cook County with less than two years of experience have billing rates between $75.00 and $165.00 per hour. Law clerks/paralegals with two to five years of experience have billing rates between $80.00 and $155.00 per hour. According to National Association of Legal Assistants 2004 National Utilization and Compensation Survey Report, legal assistants had a billing rate of $95.00 in 2004 in the Great Lakes region. Moreover, the Government's own Laffey Matrix[1] shows that the fee counsel claims for the work of her law clerk is reasonable as the Government's own market rate for law clerks in 2007 is $120 and 2008 is $125. Representation in this case was contingent; thus, Plaintiff's counsel will be compensated for law clerk time as part of the entire litigation team's time spent in this case.

Plaintiff also requests compensation for time spent preparing the motion for fees, as is allowed under the EAJA. *See Commissioner, I.N.S. v. Jean*, 496 U.S. at 2321. Representation in this case was contingent and Plaintiff's counsel will be compensated for both attorney and paralegal time.

Plaintiff seeks an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, payable to Frederick J. Daley, Jr. and Daley, DeBofsky & Bryant, in the total amount of $3,857.75, which represents 5.1 attorney hours at $170.00 per hour in 2010 and 2011 ($867.00); 2.15 law clerk (with J.D.) time at $125/hr. ($268.75); and 27.22 paralegal/law clerk hours at $100/hr., for a total fee request of $2722.00.

As the Plaintiff has fully supported her fee request, and the defendant has not opposed any part of the request, the request will be granted in full.

<u>Conclusion</u>

On the basis of the foregoing, the plaintiff's motion for attorney fees under the EAJA is hereby GRANTED.

Entered: May 4, 2012.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court